**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Seth SUNDBERG, Defendant–Appellant.**

**No. 11–10338.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2012.*

Filed Oct. 22, 2012.

Susan B. Gray, Barbara Valliere, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

George Claude Boisseau, Esquire, Law Offices of George C. Boisseau, Santa Rosa, CA, for Defendant–Appellant.

Seth Sundberg, Anthony, TX, pro se.

Before: FISHER, TALLMAN, and CALLAHAN, Circuit Judges.

**MEMORANDUM** **

Defendant-appellant Seth Sundberg ("Sundberg") appeals the district court's

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**712**

entry of judgment on his guilty plea. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Under Federal Rule of Criminal Procedure 11(b)(1)(K), a judge must inform the defendant of, and determine that the defendant understands, the court's authority to order restitution. Despite this express requirement, a judge's failure to comply "is harmless error if it does not affect substantial rights." Fed. R.Crim. Pro. 11(h). We have held that a district court's failure to advise a defendant of its restitution authority is harmless if "the defendant was advised he was subject to a *fine* in an amount in excess of the restitution imposed." *United States v. Crawford*, 169 F.3d 590, 592 (9th Cir.1999) (emphasis added). In this case, Sundberg admitted the facts of the indictment, including his unlawful receipt of a $5 million tax refund. Although the district court failed to advise Sundberg of its restitution authority, the court affirmatively warned Sundberg that he could face "a $250,000 fine or twice the value of the gross gain or loss," thus putting Sundberg on notice that he could suffer a fine in excess of $10 million. Because this figure is far higher than Sundberg's eventual $2,488,613.38 restitution order, the error was harmless.

AFFIRMED.